**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT BECKLEY**

UNITED STATES OF AMERICA

v. CRIMINAL ACTION NO. 5:23-cr-00124

HARLAND LEE TODD

# MEMORANDUM OPINION AND ORDER

Pending is Defendant Harland Lee Todd's Letter-Form Motion for Early Termination of Supervised Release [ECF 49], filed July 1, 2026.

## I.

On March 29, 2024, following his guilty plea to possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), Mr. Todd was sentenced to a term of imprisonment of twelve months and one day, followed by a three-year term of supervised release. [ECF 41]. On January 3, 2025, Mr. Todd began serving his term of supervision. His term is scheduled to expire on January 2, 2028.

Following commencement of Mr. Todd's supervision, on November 1, 2025, he was arrested and charged in the Magistrate Court of Marion County with domestic battery, in violation of *West Virginia Code* § 61-2-28(a). The charge arose from an alleged physical altercation between Mr. Todd and his girlfriend while he was intoxicated. Each provided conflicting stories of the incident. On December 3, 2025, the charge was dismissed. On December 5, 2025, the Probation Officer sought to modify the conditions of Mr. Todd's supervision to require

that he (1) participate in and successfully complete an anger management program as directed by the Probation Officer, and (2) refrain from all use of alcohol. [ECF 48]. On December 29, 2025, the Court modified Mr. Todd's conditions as requested. [*Id.*].

Mr. Todd now moves for early termination of his supervised release, reporting he has diligently complied with the terms and conditions of his supervision from the outset, maintained employment with American Consolidated Natural Resources, received two promotions, and successfully obtained his Mine Foreman Certification. [ECF 49]. Attached to his Motion is a letter from his employer, commending his work ethic and achievements. [ECF 49-1]. Mr. Todd maintains his "successful reintegration into society, stable employment, professional achievements, and unwavering compliance with the terms of supervision support an early termination of [his] supervised release." [*Id.*]. Notably absent from his request is any mention of the December 2025 modification or the circumstances that led thereto.

**II.**

Pursuant to 18 U.S.C. § 3583, a court may, after consideration of the applicable Section 3553(a) factors, "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The relevant § 3553 factors include, *inter alia*, the nature and circumstances of the offense and the history and characteristics of the defendant; the ability of the sentence to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct, to promote respect for the law, and to provide just punishment; the need to protect the public from further crimes of the defendant; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

After careful consideration of the applicable Section 3553(a) factors and the information provided by Mr. Todd and the Probation Office, the Court concludes early termination of Mr. Todd's supervised release is unwarranted. Mr. Todd's criminal conduct was serious, involving both the possession and actual distribution of relatively large quantities of cocaine -- a potent controlled substance -- on at least five separate occasions. Despite the seriousness of his conduct, the Court imposed a generous variant sentence outside of Mr. Todd's calculated twenty-four to thirty-month Guideline range given, *inter alia*, his family ties and responsibilities, unstable childhood, employment record, and exemplary conduct while on pretrial release.

Though the Court commends Mr. Todd's continued rehabilitation efforts and employment achievements, he has only completed twenty-one months of his thirty-six-month supervisory term and has incurred a violation during that period, necessitating a modification of his original conditions. Early termination under these circumstances is insufficient to afford adequate deterrence to criminal conduct, promote respect for the law, and provide just punishment. This is especially so considering the significant variant sentence originally imposed. At bottom, the interests of justice do not warrant Mr. Todd's requested relief at this time.

**III.**

For the foregoing reasons, Mr. Todd's Motion for Early Termination [**ECF 49**] is **DENIED**.

The Clerk is directed to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: November 3, 2026

Frank W. Volk
Chief United States District Judge